UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RITHWAN AHMED BADEL,

    Plaintiff,

v.

TIME WARNER, INC.,

    Defendant.

Civil No. 12-0453 (DSD/JJG)

**REPORT AND RECOMMENDATION**

  This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. BACKGROUND

  Plaintiff is attempting to sue the named Defendant, Time Warner, Inc., for allegedly using various technologies for a host of nefarious purposes.  Plaintiff is seeking, among other things, to compel Defendant to

> Stop/ and or award the plaintiff of injuries and Violations caused by their Media Conglomerates /and or Publishing, films and television. as follows: as a Victim/plaintiff to 'Time Warner' to properly stop Publishing Harmful Advertisement and coverage, which may contain Nuclear activities harmful to society and information Regarding the use of new technology (vision eye Camera's) also known as private surveillance endued in The plaintiff's body, which led to multiple injuries.

(Complaint, [Doc. No. 1], p. 8, ¶ 7.)  Plaintiff's entire pleading consists of similar claims

and requests for relief.

## II.     DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(I), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous. For example, the complaint alleges that

> 9.     Time Warner has identified itself as "special counsel" To the state of New York and was charged by INTEL CORPORATION For the use of "EYE VISION CAMERA'S" which was endued in plaintiff's Human EYE, which was a software produced by INTEL Corporation[,]

(Complaint, [Doc. No. 1], p. 9, ¶ 9.), as well as

> Work regarding purchase of Mr. Badel Eye vision Which was incorporated in a television screen for Networks to abruptly view and watch his or her daily Life as part of a motion picture "film" the Plaintiff here RITHWAN BADEL was filming which led cable networks Media and news associated with the corporate Networks above to copyright and infringe (taking parts Of the scene) to collaborate with their already or new Shows on television. Without the consent of "Mr. Badel" Which led to an increased in

2

> viewership and ad Advertisement and as well as good public relation with Their product consumers[,]

(Complaint, [Doc. No. 1], p. 10, ¶ 9.).  Plus, he alleges,

> While at home Mr. Badel feel a computer drive in his body, caused by Intel corporation which herein, Acknowledged gave TIME WARNER a network signal to send or receive signal of Mr. BADEL Human EYE VISION, which was a software produced by Intel endued in Mr. BADEL Human Body Permission to unwillingly broadcast Mr. BADEL , he then ran down The stairs outside of his apartment and fired a loaded gun, police was called Through by spot spotter technology, Mr. Badel was taking to the Hennepin County jail, through his admission to the MPLS Police, he stated that this "People stated Aids in Africa" meaning that the technology Intel, which Endued his body to wake up from sleep, was from a satellite in space Configured by NASA engineers and nuclear expert's, which the Intel CHIP was designed from.

(Complaint, [Doc. No. 1], p. 16, ¶ 18.)  Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded on wholly incredible allegations.  The Court will, therefore, recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(I).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Doc. No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated:  February 24, 2012      s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge

3

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 12, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.